NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-989

COMMONWEALTH

vs.

RAINIER DAPENA COLON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of violating a G. L. c. 209A abuse prevention order.[1]  On appeal, he claims the judge abused his discretion by not permitting him to retroactively exercise a peremptory challenge to a juror after he had informed the judge that he was content with the jury.  We affirm.

"We grant deference to a judge's ruling on whether a permissible ground for the peremptory challenge has been shown and will not disturb it so long as it is supported by the record."  Commonwealth v. Rodriguez, 431 Mass. 804, 811 (2000).

---

[1] The defendant was found not guilty of malicious damage to a motor vehicle.

We will not conclude that a judge has abused this considerable discretion "unless juror prejudice is manifest." Commonwealth v. Seabrooks, 433 Mass. 439, 443 (2001).

In general, attorneys shall exercise a peremptory challenge "before the jurors are sworn and may be made after the determination that a person called to serve as a juror stands indifferent in the case." Mass. R. Crim. P. 20 (c) (2), 378 Mass. 891 (1979). Pursuant to District Court Standing Order 1-18 (II) (C) (3) (2018), within this period, a district court judge is provided the choice of ordering the exercise of peremptory challenges at any of the following times: (1) "after filling the jury box with jurors found to stand indifferent," (2) "after completion of side bar inquiry of an individual juror," (3) "or at some other time after the judge's finding of indifference" (4) "or, if employing panel voir dire, after the attorneys have completed questioning the panel."

Here, before empanelment, the judge explained his jury selection practice, but he did not specifically address the exercise of peremptory challenges. After seven jurors (1, 2, 3, 6, 7, 8, and 10) were seated, the prosecutor informed the judge that she was content with the jury. When asked if he was content with the jury, the defendant sought additional time before peremptorily challenging juror 3. Juror 11 took that

2

seat.  When asked if he was content with the jury, the defendant again asked for more time and then stated that he was.

The prosecutor then peremptorily challenged juror 11 and juror 12 took the seat.  The prosecutor stated that she was content with the jury.  At this point, for the first time, the defendant asked to peremptorily challenge juror 6, who was already a member of the jury with which the defendant had previously stated he was content.  The defendant provided no new information or any reason for his late challenge.  The judge found that the defendant had "passed on" juror 6 and denied the request over the defendant's objection.  After each party peremptorily challenged one more juror each, the prosecutor said she was content to with jury; the defendant refused to do so because of his denied challenge to juror 6.

As the defendant concedes, a familiar principle of jury empanelment is the prohibition against "going back" to strike a juror who a party has previously passed on.[2]  Nonetheless, once a defendant waives his right to exercise a peremptory challenge, a judge has discretion to permit a defendant to "withdraw his statement of satisfaction with the jury" and to exercise a

---

[2] The defendant is correct that former Superior Court Rule 6 (1989), which expressly forbade a party to "go back" to challenge jurors once they had passed on their chance to challenge them, does not apply to this District Court case.

3

peremptory challenge.  See Commonwealth v. Barnes, 40 Mass. App. Ct. 666, 670 (1996).  Of course, as a corollary, a judge would have the discretion to deny such a request, which is what occurred here.

While it would have been better for the judge to have expressly explained how was going to conduct peremptory challenges, see Commonwealth v. Hinds, 487 Mass. 212, 232-233 (2021), it is apparent from the record that defense counsel had appeared before this judge in the past and was familiar with the judge's "jury empanelment process."  Even if this were not the case, when the judge asked the defense counsel whether he was content with the jury, counsel had the option of either challenging a juror or express that he was content with the jury.  This was not a matter upon which any greater edification should be necessary.

Also informing the judge's exercise of his discretion is that when the defendant sought to retroactively challenge juror 6, he did not offer any reason for his tardy challenge, let alone did he offer any new reason for it.  See Commonwealth v. Mason, 485 Mass. 520, 530-531 (2020).  Finally, we note that none among the four methods in District Court Standing Order 1-18 for the timing of peremptory challenges includes a retroactive challenge to a juror who was among those with whom

4

the defendant had previously stated his satisfaction.  At bottom, the judge's decision to deny the late challenge to juror 6 was not "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[3]

Judgment affirmed.

By the Court (Meade, Walsh & D'Angelo, JJ.[4]),

Clerk

Entered:  August 19, 2024.

---

[3] Because we discern no error or abuse of discretion, we do not address the question of prejudice.

[4] The panelists are listed in order of seniority.